### IN THE UNITED STATES DISTRICT COURT FOR THE
### DISTRICT OF NEBRASKA

| | |
|---|---|
| **NEBRASKA MEDICAL CENTER,** | ) |
| | ) |
| Plaintiff, | )   **8:07CV56** |
| | ) |
| vs. | ) |
| | )   **STIPULATED PROTECTIVE ORDER** |
| **ELIZABETH PAYNE, in her own behalf and as Conservator of the Estate of Nicholas Payne, a minor; and Hauptman, O'Brien, Wolf & Lathrop, P.C., her attorneys,** | ) ) ) ) |
| | ) |
| Defendants. | ) |

Come now Nebraska Medical Center ("NMC") and Elizabeth Payne and Hauptman, O'Brien, Wolf & Lathrop, P.C. ("Defendants") pursuant to Rule 26(c) and Rule 29 of the Federal Rules of Civil Procedure and NECivR 5.3 & 7.5, and hereby stipulate and agree, and request an Order of this Court, to the following Protective Order ("Protective Order"):

1. The parties hereto stipulate and agree that (i) certain documents, information and things which will be produced by the parties, (ii) evidence which will be adduced prior to or at the time of trial and portions of testimony to be taken (whether at deposition, hearing or trial), (iii) pleadings, affidavits, briefs, motions, transcripts and other writings which are or may be filed which may contain trade secrets or include information which is confidential, proprietary or sensitive to the parties' business and/or affairs shall be entitled to protection against disclosure pursuant to this Protective Order.

2. This Protective Order shall be without prejudice to the right of any of the parties of this action (i) to bring before the Court at any time the question of whether any particular information is or is not relevant to any issue of this case or whether any information is or is not confidential as defined in Paragraph 1 of this Protective Order; (ii) to seek a further protective order; (iii) to exercise any right or raise any objection otherwise available under the rules of discovery or evidence; or (iv) by application and notice, to seek relief from any provision of this Protective Order on any ground.  During the pendency of any challenge to the applicability of this Protective Order to any document, information or thing, however, said document, information or thing shall remain subject to the provisions of this Protective Order.

3. All documents or things produced by the parties containing information believed to be proprietary or confidential pursuant to Paragraph 1 of this Protective Order, shall be designated as "Confidential" and, each such document or thing shall be affixed, by stamp or otherwise, with a statement that the material is "Confidential."

4. Documents, things and/or various matters and information produced by the parties which has been designated as confidential:

   a. Shall be used only for the purpose of this litigation, including any appeals, and may not be used for any purpose or disclosed in any manner outside the reasonable conduct of this case even if said information is used or offered at trial or in open court;

   b. Shall not be disclosed to anyone other than the Court, the parties hereto, their attorneys of record in this litigation and their employees who are assisting such attorneys in this litigation, any in-house counsel, court reporters who record deposition or other testimony, witnesses, deponents, consultants and/or experts;

   c. If any party, attorney or individual shall disclose confidential material(s) or information to a consultant, expert witness, or non-party witness, it is the obligation of the disclosing party to provide such person with a copy of this Protective Order and obtain a signed Confidentiality Agreement (in the form attached hereto and marked as Exhibit A) whereby such person agrees to be bound by the terms of this Protective Order.  A copy of such executed Confidentiality Agreement shall be maintained by counsel for the disclosing party in a secure place and, upon request, shall produce the same to counsel for the non-disclosing party.  If any party discloses confidential material(s) or information to an expert witness who is not expected to be called as a witness at trial ("non-trial expert"), the disclosing party still has the obligation to provide the non-trial expert with a copy of this Protective Order and obtain a signed Confidential Agreement (in the form attached hereto and marked as Exhibit A) whereby the non-trial expert agrees to be bound by the terms of this Protective Order. Although a copy of each executed Confidential Agreement obtained from such non-trial expert shall be maintained by counsel for the disclosing party in a secure place, a copy of said executed Confidentiality Agreement shall be produced to the non-disclosing party only upon court order.

5. All information which has been disclosed and designated as "confidential" shall be omitted or redacted from any document electronically filed with the Court and instead shall be separately submitted to the Court in a sealed envelope containing the following legend:

**CONFIDENTIAL**

> This envelope contains CONFIDENTIAL INFORMATION OR DOCUMENTS and is not to be opened, nor the contents disclosed or revealed, except by the Court or by Order thereof.

Notwithstanding the above, the parties agree to consider on a case-by-case basis to not require sealed submissions and such action shall not be deemed a waiver of confidentiality with regard to other documents.

      6.     This Protective Order may be modified by the Court at any time on its own motion. The Court may also impose sanctions or find in contempt any party or person bound by this Protective Order found in violation of the terms of this Protective Order.

      7.     Within thirty (30) days after the final determination of this action, each party to the litigation shall assemble and return to the producing party or parties the originals and all copies of documents produced in discovery and designated by the producing party as confidential. All other materials, memoranda or documents embodying materials and documents constituting confidential information not returned shall continue to be held subject to the terms of this Protective Order.

      8.     This Protective Order shall be binding upon the parties, their attorneys, agents, employees, representatives, successors and assigns.

      Dated this 4th day of October, 2007.

                        NEBRASKA MEDICAL CENTER, Plaintiff,
                        By:,/s/ Robert D. Mullin, Jr.
                           Robert D. Mullin Jr., NE #12973
                           McGrath North Mullin & Kratz, PC LLO
                           Suite 3700 First National Tower
                           1601 Dodge St.
                           Omaha, Nebraska 68102
                           (402) 341-3070
                      ELIZABETH PAYNE, in her own behalf and as Conservator of the Estate of Nicholas Payne, a minor; and Hauptman, O'Brien, Wolf & Lathrop, P.C., her attorneys, Defendants,
                        By:,/s/ Gordon R. Hauptman
                           Gordon R. Hauptman, NE #11745
                           Hauptman, O'Brien, Wolf & Lathrop
                           1005 South 107th Avenue, Suite 200
                           Omaha, Nebraska 68114
                           (402) 390-9000

**IT IS SO ORDERED.**

Dated this 4th day of October, 2007.

                           BY THE COURT:

                           s/Thomas D. Thalken
                           United States Magistrate Judge

## EXHIBIT A

## CONFIDENTIALITY AGREEMENT

      I have read the Stipulated Protective Order ("Protective Order") entered by the United States District Court for the District of Nebraska in the action entitled *Nebraska Medical Center v. ELIZABETH PAYNE, in her own behalf and as Conservator of the Estate of Nicholas Payne, a minor; and Hauptman, O'Brien, Wolf & Lathrop, P.C.*, 8:07cv56 (District of Nebraska).  I understand the Protective Order is a court order designed to preserve the confidentiality of the "Confidential Information" designated under the terms of the Protective Order.  I also understand the Protective Order restricts my use, disclosure and retention of such Confidential Information and also requires my safeguarding and/or return of documents and other materials containing Confidential Information as required by the Protective Order.  I agree to comply with all provisions of the Protective Order.  I also hereby submit myself to the jurisdiction of the United States District Court for the District of Nebraska for the purpose of enforcement of any provision of the Protective Order.

Dated: _____       Signature: _____

                                                          Name (Print) _____

                                                          Address _____